POWELL (UNITED STATES v.). See Case No. 16,079.

---

### Case No. 11,360.

#### POWER v. SEMMES.

[1 Cranch, C. C. 247.] [1]

Circuit Court, District of Columbia. July Term, 1805.

WITNESS FEES—SERVICE OF SUBPŒNA.

Witnesses are entitled to their fees, although the summons be served by a private person. In a judgment upon an attachment, interest cannot be added.

A summons for witnesses in Virginia, on the part of the plaintiff, was issued and directed to the marshal of Virginia. It was served by a private person who made affidavit that he read it to the witnesses and required their attendance, and that he believed they attended in consequence of such summons.

THE COURT allowed them to prove their attendance, and directed their fees to be taxed in the bill of costs in the same manner as if served by the marshal of Virginia.

On foreign attachment, the interest was calculated up to the time of the affidavit made before the justice who issued the warrant. At the time of condemnation, the plaintiff's counsel, (Mr. Howitt,) moved for interest to be added to the time of the judgment.

THE COURT refused.

---

POWER (UNITED STATES v.). See Case No. 16,080.

---

### Case No. 11,361.

#### POWERS et al. v. BARNEY.

[5 Blatchf. 202.] [2]

Circuit Court, S. D. New York. Dec. 1, 1863.

CUSTOMS DUTIES — CONSTRUCTION OF TARIFF ACT — AMBIGUITY—REPUGNANT PROVISIONS.

1. Where, in the 19th section of the tariff act of March 2, 1861 (12 Stat. 188), a duty of 10 per cent. ad valorem was imposed on "Peruvian bark," and, in the 23d section of the same act, the same article was exempted from duty. *Held*, that. as the two provisions were repugnant, the last one must prevail. as speaking the final and latest intent of the law makers.

[Cited in Re Davis, Case No. 3,615; Arthur v. Sussfield. 96 U. S. 130; Dieckerhoff v. Robertson, 40 Fed. 569.]

[Cited in State v. Silver. 9 Neb. 89, 2 N. W. 215; State v. City of Toledo, 48 Ohio St. 130, 26 N. E. 1061.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

---

2. In cases of serious ambiguity in the language of a tariff act, or doubtful classification of articles, the construction must be in favor of the importer, as duties are never imposed upon the citizen upon vague or doubtful interpretations.

[Cited in U. S. v. Ullman, Case No. 16.593; Rice v. U. S., 4 C. C. A. 104, 53 Fed. 912; Hartranft v. Wiegmann, 121 U. S. 616, 7 Sup. Ct. 1244.]

[Cited in Re Will of Enston. 113 N. Y. 178, 21 N. E. 87; State v. Pullman's Palace Car Co., 64 Wis. 101, 23 N. W. 872.]

This was an action [by Thomas H. Powers and others] against [Hiram Barney] the collector of the port of New York, to recover back an alleged excess of duties paid, under protest, on an article invoiced as "Bark, Peruvian," imported from Southampton into the port of New York. The duties were paid on the 31st of July, 1861.

Andrew R. Culver, for plaintiffs.

E. Delafield Smith, Dist. Atty.. for defendant.

NELSON, Circuit Justice. The importation in this case was made under the act of March 2, 1861 (12 Stat. 178). The goods were charged by the collector with a duty of ten per cent. ad valorem. The plaintiffs insist that they were exempt from any duty. The 19th section of the act imposes a duty of ten per cent. ad valorem upon the articles enumerated in it, and, among others, "Peruvian bark." If this section stood alone, the right to impose the duty in question would be plain. But the 23d section of the same act, which exempts articles enumerated in it, embraces in the list the same article—so that each party finds an authority for his claim in the same act of congress. In this difficulty of conflicting claims, I know of no other way of solving it, than by applying the well settled rule of construction, in the case of two repugnant provisions of the same act, which is, that the last provision shall prevail, as speaking the latest and final intent of the law makers.

Another principle may also be invoked, which is, that in cases of serious ambiguity in the language of the act, or doubtful classification of articles, the construction is to be in favor of the importer, as duties are never imposed on the citizen upon vague or doubtful interpretations. There must be a judgment for the plaintiffs.