DIECKERHOFF *et al. v.* ROBERTSON, Collector.

(*Circuit Court, S. D. New York.*  December 2, 1889.)

CUSTOMS DUTIES—CLASSIFICATION—LINEN TAPES.
    As linen tapes, composed wholly of flax, or of which flax is the component material of chief value, woven in a loom, and having a warp and weft; linen corset laces, a braided fabric; and linen "braids" or "bobbins,"—come within the description in both paragraphs 334 and 336, (Tariff Index, new,) of Schedule J of the tariff act of March 3, 1883, viz., "manufactures of flax, or of which flax shall be the component material of chief value," they are dutiable under the highest rate provided in the two paragraphs mentioned, viz., 40 per cent. *ad valorem* under 336, according to Rev. St. U. S. § 2499, as amended by the act of March 3, 1883, which provides that, when two or more rates are applicable, the article shall be classified under the highest.

At Law.    Action to recover back customs duties.

The plaintiffs, in 1885, imported certain goods consisting of linen tapes, corset laces, and braids, the latter being commercially known as "bobbins." These articles were classified by the defendant, the collector at the port of New York, under Schedule J of the tariff act of 1883, (Tariff Index, new, 336,) providing for "flax or linen thread, twine and pack thread, and all manufactures of flax, or of which flax shall be the component material of chief value, not specially enumerated or provided for in this act, forty per centum *ad valorem.*" The plaintiffs paid the duty under protest, claiming that the goods were dutiable under a preceding paragraph (Tariff Index, new, 334) of the same schedule as "brown and bleached linens, ducks, canvas, paddings, cot bottoms, diapers, crash, huckabacks, handkerchiefs, lawns, or other manufactures of flax, jute, or hemp, or of which flax, jute, or hemp shall be the component material of chief value, not specially enumerated or provided for in this act, thirty-five per centum *ad valorem.*" It was shown on the trial that the tapes were linen, or composed chiefly of flax fibres; that they were woven fabrics having a warp and weft; that the corset laces were made of linen threads braided, as were also the other "braids" or "bobbins." When the plaintiffs rested, the defendant's counsel moved the court to direct a verdict for the defendant; citing *Arthur's Ex'rs* v. *Butterfield,* 125 U. S. 70, 8 Sup. Ct. Rep. 714; *Powers* v. *Barney,* 5 Blatchf. 202; *Liebenroth* v. *Robertson,* 33 Fed. Rep. 457; Rev. St. U. S. § 2499, as amended by act of March 3, 1883.

*Alexander P. Ketchum,* for plaintiffs.

*Edward Mitchell,* U. S. Atty., and *James T. Van Rensselaer,* Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally.*) It is a pretty hopeless task, in many of these cases, to undertake to determine exactly what congress meant to provide. These tariff acts have grown in such a way, by the cutting up of old acts, by transposing sections, by additions and alterations, that there are necessarily many cases which might, under the application of the rules of interpretation as settled by the courts, be decided either way with equal propriety. In the case before us the controlling point seems to be that, if either of these paragraphs (334 or 336) were stricken out, the article would be found plainly and distinctly covered by the other. I do not appreciate the weight which is sought to be given to the use of the two words "or other" in one of the paragraphs, when the words used in the other paragraph are "and all." When read with their respective contexts, I cannot see that they grammatically import different meanings. That being so, if the law remained as it was before the passage of the act of 1883, this case would be disposed of according to the order in which the paragraphs are printed in the act, or, in other words, according to the assumed chronological order in which congress passed them,—a mere assumption, because, for all that we know, congress may have constructed paragraph 334 many weeks after it constructed paragraph 336. *Powers* v. *Barney,* 5 Blatchf. 202. But any question as to that method of interpretation is laid at rest by the act it-

self, (I mean the act of 1883,) which, in section 2499, has expressly provided that, "if two or more rates of duty should be applicable to any imported article, it shall be classified for duty under the highest of such rates." In view of the rule of interpretation thus imposed upon the court, I feel constrained to hold that these articles, being covered by the description in both paragraphs, (334 and 336,) should pay the higher rate of duty, viz., 40 per centum. Verdict directed for defendant.