WIEBUSCH et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 16, 1897.)

CUSTOMS DUTIES—FLAX MEASURING TAPES.

Measuring tapes of flax, in cases of leather and metal, flax being the component material of chief value, are dutiable under the tariff act of 1883 as manufactures of flax or of which flax is the component material of chief value, and are subject to the duty of 40 per cent ad valorem imposed by paragraph 336 of the act, and not to the duty of 35 per cent. imposed by paragraph 334.

This was an application by Wiebusch & Hilger for a review of the decision of the board of general appraisers as to the assessment of duties on certain merchandise imported by them, consisting of linen measuring tapes in cases of leather and brass, flax being the component material of chief value in the completed articles.

Paragraph 334 of the tariff act of 1883 imposes a duty of 35 per cent. ad valorem on "brown and bleached linens, * * * or other manufactures of flax, jute or hemp, or of which flax, jute or hemp shall be the component material of chief value, not specially enumerated or provided for." Paragraph 336 imposes a duty of 40 per cent. ad valorem on "flax or linen thread, * * * and all manufactures of flax or of which flax shall be the component material of chief value, not specially enumerated or provided for."

Comstock & Brown, for importers.
J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The articles in question are measuring tapes. The importer contends that they should be classified for duty under paragraph 334 of the tariff act of 1883; the United States contends that paragraph 336 should be applied. Each of these paragraphs provides for "manufactures of flax, or of which flax shall be the component material of chief value, not specifically

.enumerated or provided for." It is conceded that these articles fall within said classification. There would be considerable force to the argument on behalf of the importer claiming the application of the doctrine of ejusdem generis, were it not for the provisions in said act that, where two or more rates of duty should be applicable, the articles should be classified under the highest of said rates. These provisions were construed and applied to similar articles by Judge Lacombe in Dieckerhoff v. Robertson, 40 Fed. 568. The highest rate of duty was imposed therein, and it will accordingly be imposed in this case. Let a judgment be entered accordingly.