## SILBERSTEIN *v*. UNITED STATES (No. 777).[1]

COMBINATION KNIFE AND LETTER OPENER.

It is true that a strip of metal suitable for opening envelopes that has been riveted to the handle of a knife makes of this something other than the ordinary penknife; it remains, however, a knife, with folding or other than fixed blades or attachments. The merchandise was properly assessed under paragraph 152, tariff act of 1909.

### United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26615 (T. D. 31866).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellant.

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel; *Frank L. Lawrence*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Penknives with a letter-opener attachment, imported at the port of New York, were classified by the collector of customs as "knives with folding blades," and were therefore assessed for duty at 40 per cent ad valorem and 1 cent each under the provisions of paragraph 152 of the tariff act of August 5, 1909, which paragraph, in so far as it is material to this case, reads as follows:

152. Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in this section, which have folding or other than fixed blades or attachments, valued at not more than forty cents per dozen, forty per centum ad valorem; valued at more than forty cents per dozen and not exceeding fifty cents per dozen, one cent per piece and forty per centum ad valorem; * * *.

The importer protested that the knives did not have folding blades, but fixed blades and attachments, and that therefore they were dutiable either under paragraph 154 or paragraph 199, which said paragraphs read as follows:

154. Table, butchers', carving, cooks', hunting, kitchen, bread, butter, vegetable, fruit, cheese, carpenters', bench, curriers', drawing, farriers', fleshing, hay, tanners', plumbers', painters', palette, artists', and shoe knives, forks and steels, finished or unfinished; if imported with handles of mother-of-pearl, shell, ivory, silver, nickeled silver, or other metal than iron or steel, fourteen cents each; with handles of deerhorn, ten cents each; with handles of hard rubber, solid bone, celluloid, or any pyroxyline material, four cents each; with handles of any other material than those above mentioned, one cent each, and in addition, on all the above articles, fifteen per centum

-----

[1] Reported in T. D. 32562 (22 Treas. Dec., 911).

ad valorem; any of the knives, forks or steels, enumerated in this paragraph, if imported without handles, forty per centum ad valorem: *Provided*, That none of the above-named articles shall pay a less rate of duty than forty per centum ad valorem: * * *.

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

It clearly appears from the samples in evidence that the merchandise in controversy is a combination penknife—that is to say, a small knife with some attachment other than the usual blade or blades folding into the handle. The fact that a strip of metal suitable for opening envelopes has been firmly riveted to the handle no more changes the character of the article than if the handle had been designed to serve as a screw driver or had been fitted with the assortment of useful little implements usually found in the combination knife. The knife is something more than the ordinary penknife. Still it is a knife, and a knife which has "folding or other than fixed blades or attachments." As knives of that character, by whatever name known, are dutiable under paragraph 152 of the present tariff act, we are of opinion that the importation was correctly classified and assessed for duty.

The decision of the Board of General Appraisers is *affirmed.*