(C. D. 1457)

## Voss Cutlery Co. *v.* United States

United States Customs Court, Second Division

(Decided July 28, 1952)

*John D. Rode* for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before Lawrence, Rao, and Ford, Judges

Lawrence, Judge: An importation described on the consular invoice as "letter openers" was classified by the collector of customs pursuant to the provisions of paragraph 354 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 354), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as "Penknives folding blades handle of steel decorated," and duty was assessed thereon at 17½ cents each and 27½ per centum ad valorem. Plaintiff relies upon the claim that said articles are properly dutiable at the rate of 32½ per centum ad valorem as provided in paragraph 397 of said act (19 U. S. C. § 1001, par. 397), as modified by the trade agreement, *supra*, supplemented by Presidential proclamation, T. D. 51909.

The relative provisions of the statutes, *supra*, read as follows:

Paragraph 354—

Penknives, pocketknives, clasp knives, pruning knives, budding
knives, erasers, manicure knives, and all knives by whatever
name known, including such as are denominatively men-
tioned in the Tariff Act of 1930, which have folding or other
than fixed blades or attachments, all the foregoing (except
penknives and pocketknives which have folding blades and
steel handles ornamented or decorated with etchings or gilded
designs or both), valued at more than $6 per dozen_____ 17½¢ each and
27½% ad val.

Paragraph 397—

Articles or wares not specially provided for, whether partly or
wholly manufactured:
Composed wholly or in chief value of gold, or plated
with gold or colored with gold lacquer_____ 32½% ad val.

The importation is represented by exhibit 1, which is 8 inches in
length, and in chief value of steel. It has a handle 3 inches long
similar to the conventional pocketknife handle, gold-plated, and
otherwise decorated, with a knife blade which folds into the handle.
Firmly riveted to the handle is a tapered strip of white metal approxi-
mately 6 inches long, apparently designed as a letter opener. It is
not disputed that the article falls within the descriptive language of
paragraph 397, above quoted. However, it is asserted by defendant
that the provisions in paragraph 354, *supra*, describe the article with
greater specificity and, accordingly, that it was properly classified
therein.

The only witness in the case, Carl F. Thalman, was called on behalf
of the plaintiff.

This witness testified to his business experience with the plaintiff
company, importer and manufacturer of cutlery, as well as with the
firm of Graef and Schmidt and also with the house of Hoffritz, which
latter operates a chain of cutlery stores, his experience in the cutlery
business covering a period of 13 years.

With reference to exhibit 1, Thalman testified:

It is primarily manufactured for use as a letter opener and one that is used on
a desk, more or less. The blade is made in such a way that it affords the user
the means of cutting clippings or removing paper from magazines and so forth
and also to erase; to make erasures. The blade is made so that it folds into the
handle, affording a safety measure.

He also testified that he had seen articles like exhibit 1 used "Quite
a few times. * * * On the desk or table" but had never seen
them carried on the person; that in the course of his commercial
experience, he had handled penknives, pocketknives, claspknives,
"All types of cutlery" but had never sold an article like exhibit 1
as a knife or penknife.

If this were a case of first impression, we should experience some hesitancy, upon the record before us, in recognizing exhibit 1 as being within the descriptive language of paragraph 354, as modified, *supra*. However, for reasons which will appear *infra*, we find that the language of paragraph 354, *supra*, or its antecedents, has been judicially construed in such manner as to compel the conclusion that the importation here in controversy is within the purview of said paragraph 354.

A case cited in the briefs of counsel for both parties litigant, which would seem to have controlling influence here, is *Silberstein* v. *United States*, 3 Ct. Cust. Appls. 239, T. D. 32562. The statute there under consideration was paragraph 152 of the Tariff Act of August 5, 1909, which, so far as material to this case, was in substantially the same terms as paragraph 354, as modified, *supra*.

In its discussion of the merchandise before it in the *Silberstein* case, *supra*, the appellate court made the following observations:

It clearly appears from the samples in evidence that the merchandise in controversy is a combination penknife—that is to say, a small knife with some attachment other than the usual blade or blades folding into the handle. The fact that a strip of metal suitable for opening envelopes has been firmly riveted to the handle no more changes the character of the article than if the handle had been designed to serve as a screw driver or had been fitted with the assortment of useful little implements usually found in the combination knife. The knife is something more than the ordinary penknife. Still it is a knife, and a knife which has "folding or other than fixed blades or attachments." As knives of that character, by whatever name known, are dutiable under paragraph 152 of the present tariff act, we are of opinion that the importation was correctly classified and assessed for duty.

The description of the merchandise in that case, and the reasoning of the court with respect to it, in the light of the broad provisions of the statute involved, seem to fit the case before us so closely that we are led to the conclusion that the articles here in controversy are clearly within the all-embracing language of paragraph 354, as modified, *supra*.

It appears in the opinion of this court in the *Silberstein* case, *supra*, reported in 21 Treas. Dec. 231, Abstract 26615, that the merchandise represented by the exhibits in the case was "a combination one with handle in the form of a knife with folding blade and a fixed attachment in the form of a letter opener."

To quote further from the opinion—

* * * The importers say it is a letter opener with a knife attachment; the Government that it is a knife with a letter-opener attachment. It is fair to regard the article as a desk knife and letter opener. It is a combination article. The provision for "all knives by whatever name known," paragraph 152, must cover the goods here before us, for the wording refers to such as have "other than fixed blades or attachments."

In conclusion, the opinion recites—

* * * We regard the said provision as embracing all knives with folding blades whether or not they are likewise supplied with fixed blades or attachments. That is, the provision would exclude such as have only fixed blades or attachments, but includes such as have "other" than fixed blades or attachments.

The appellate court, as indicated above, in affirming the judgment below, followed very closely the reasoning of the trial court and concluded its opinion by pointing out that—

* * * The knife is something more than the ordinary penknife. Still it is a knife, and a knife which has "folding or other than fixed blades or attachments." As knives of that character, by whatever name known, are dutiable under paragraph 152 of the present tariff act, we are of opinion that the importation was correctly classified and assessed for duty.

In passing, it may be noted that the appellate court in the opening paragraph of its opinion stated that "Penknives with a letter-opener attachment, * * * were classified by the collector of customs as 'knives with folding blades,' * * *."

As heretofore stated, the collector classified the involved merchandise as "Penknives folding blades handle of steel decorated." In view of the fact that exhibit 1, representative of the importation, evidences that the articles at bar have steel handles ornamented or decorated with etchings or gilded designs, or both (which would bring them within the excepting language of paragraph 354, as modified, *supra*), it is apparent that the collector's classification is erroneous. An examination of exhibit 1 (which is a potent witness) discloses that, in addition to a folding blade with a handle of steel, decorated, it has a steel blade firmly riveted to the knife handle designed for use as a letter opener. As pointed out above, not only this court, but the appellate court as well in the *Silberstein* case, *supra*, held that certain knives bearing a description which appears to coincide with that in the case at bar, having "folding or other than fixed blades or attachments," were knives of that character "by whatever name known" as provided for in paragraph 152 of the Tariff Act of 1909.

In a later case, *Magnetic Cutlery Co.* v. *United States*, 24 Treas. Dec. 354, Abstract 31515, this court again held, to quote from said abstract decision, that—

A letter opener in the handle of which is a folding blade was held properly classified under the provision for knives with folding blades, in paragraph 152, tariff act of 1909. Silberstein *v.* United States (T. D. 32562) followed.

We have examined the various other cases cited by the parties in their briefs but find it unnecessary to give them special consideration here.

The *Silberstein* case, *supra*, was decided 40 years ago and, so far as we can learn, has never been reversed or modified. Moreover, the fact that, after the decision in said case, Congress reenacted the pro-

vision therein construed in practically identical language in the Tariff Acts of 1913, 1922, and 1930, appears to be a clear case of congressional approval of judicial construction, and would seem to compel the conclusion herein reached.

Upon the record before us, and for the foregoing reasons, we hold that the articles here involved are properly dutiable at 17½ cents each and 27½ per centum ad valorem as knives, having folding or other than fixed blades or attachments, by whatever name known, within the purview of paragraph 354, as modified, *supra*.

The protest is, therefore, overruled in all respects.

Judgment will issue accordingly.