UNITED STATES v. LAHEY et al.

(Circuit Court of Appeals, Second Circuit. December 1, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—CHIFFON VEILING.

The thin silk fabric known as "chiffon," which is suitable for veils, and is also much used for ruching, neckwear, and dress trimmings, when imported in widths of 14 inches, with a border on each side, generally known in the trade as "chiffon veiling," was dutiable under the tariff act of 1894 as "veilings," under paragraph 301, and not as manufactures of silk, under paragraph 302.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by Isaiah A. Lahey and Colon C. Duncan, composing the firm of Lahey & Duncan, from a decision of the board of general appraisers reversing a decision of the collector of the port of New York in regard to the classification for duties of certain merchandise. The circuit court affirmed the decision of the board, and the United States appealed to this court.

Wallace Macfarlane, U. S. Atty., and Henry D. Sedgwick, Asst. U. S. Atty.

Comstock & Brown (Albert Comstock, of counsel), for appellees.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. The importations in controversy are a thin fabric of silk, of a kind known, on account of its texture, as "chiffon"; and the decision of the case involves merely the question of fact whether such importations were "veilings," according to the commercial understanding prevailing when the tariff act of August 28, 1894, was passed. In the proofs before the board of general appraisers it appeared that while chiffons of various widths were suitable for veils, and were largely used for that purpose, they were also much used for other purposes, such as ruching, neckwear, and dress trimmings; and they were to some extent, but not generally or uniformly, known and dealt in as veilings. In the proofs before the circuit court there is a decided preponderance of testimony to the effect that chiffons like the present importations,—viz. of the width of 14 inches, and having a border on each side,—being specially adapted for use as veils in 1893 and subsequently, were generally imported and sold by the trade designation of "chiffon veiling." Upon the testimony in the record, we are of the opinion that the circuit court should have decided the question of fact in favor of the government, and its adjudication is therefore reversed.