### ROBINSON v. UNITED STATES.

(Circuit Court, S. D. New York. January 22, 1900.)

No. 2,948.

1. CUSTOMS DUTIES—CLASSIFICATION—SILK TRIMMINGS—MOURNING CRAPES.

So-called mourning crapes, consisting of all-silk fabrics in the piece, of the width known as "4/4," are not dutiable as "woven fabrics in the piece not specially provided for," under paragraph 387 of the tariff act of July 24, 1897 (30 Stat. 186, c. 11 [U. S. Comp. St. 1901, p. 1609]), but as "trimmings * * * made of silk, * * * not specially provided for," under paragraph 390 of said act (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]).

Appeal by the Importer from a Decision of the Board of United States General Appraisers (G. A. 4,437) which Affirmed a Decision of the Collector of Customs at the Port of New York.

Stickney, Spencer & Ordway, for appellant.

WHEELER, District Judge. The subject of these protests are all-silk mourning crapes, of 4/4 and 6/4 widths, dyed in the piece, and weighing more than one-third and less than one and one-third ounces

per square yard. The narrow goods have been assessed as "woven fabrics in the piece not specially provided for," at $3.25 per pound, under paragraph 387 of the tariff act of July 24, 1897 (30 Stat. 186, c. 11 [U. S. Comp. St. 1901, p. 1669]), and the wide as "veilings," at 60 per cent. ad valorem, under paragraph 390 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]); where the narrow are claimed to be trimmings. Both were in lengths, and neither was marked for cutting up. The wide seems to have been found to be veilings, from the suitability and known use of the fabric for cutting up into short lengths for veils; and the narrow adjudged not to be trimmings, because it would have to be cut up less regularly into pieces for use as such. The assessment of the narrow only is appealed from.

The evidence before the board was not contradicted, and has not been; and it seems to be clear that the narrow is as well known, by the material, to be for trimmings, as the wide is for veils, and neither seems to belong with the dress goods of paragraph 387. The decision does not seem to be a finding upon contradictory evidence, to be followed, but a conclusion of law.

Decision as to 4/4 reversed.