### ROBINSON v. UNITED STATES.

(Circuit Court, S. D. New York. February 3, 1903.)

#### No. 2,947.

1. **CUSTOMS DUTIES—TRIMMINGS.**
    Goods woven wholly from silk from 4 to 12 inches wide, and used directly in these widths for trimming women's hats, etc., are not assessable as trimmings, under paragraph 390 of the act of July 24, 1897 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]), not being trimmings until made into designs to be applied as trimmings, or into trimmings as they are applied to articles being trimmed, but are assessable as manufactures of silk, under paragraph 391.

Albert Comstock, for appellant.
Charles D. Baker, Asst. U. S. Atty.

WHEELER, District Judge. The goods in question are found by the board to be woven wholly of silk from 4 to 12 inches wide, "used directly in these widths, either exclusively or chiefly, for trimming women's hats, bonnets or other wearing apparel; are generally known in commerce as chiffon or mousseline bands, or as gauze ribbons, or as gauze bands," and were assessed as "trimmings," under paragraph 390 of the act of July 24, 1897 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]), which lays a duty on "laces, and articles made wholly or in part of lace, edgings, insertings, galloons, chiffon or other flouncings, nets or nettings and veilings, neck rufflings, ruchings, braids, fringes, trimmings, embroideries and articles embroidered by hand or machinery, or tamboured or appliqued," "made of silk or of which silk is the component material of chief value," of 60 per cent. ad valorem. The protest claimed that they were "woven fabrics in the piece," of silk, under paragraph 387 (30 Stat. 186 [U. S. Comp. St. 1901, p. 1669]), or "manufactures of silk," not specially provided for, under paragraph 391 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]).

These articles are not in themselves trimmings, and will not become such until they are made into designs to be applied as trimmings, or are made into trimmings as they are applied to articles being trimmed. That they are used for making trimmings does not make them such. They are not such, within the meaning of the tariff acts, unless they had by usage come to be known by that name, and the evidence taken in this court shows quite clearly that they had not been brought within the meaning of that word. In Hartranft v. Meyer, 149 U. S. 544, 13 Sup. Ct. 982, 983, 37 L. Ed. 840, relied upon as supporting the classification, the word "trimmings," in the clause of the act there in question, as paraphrased by the court, was connected with the words "used for making or ornamenting hats, bonnets and hoods." Here the word "trimmings" stands alone as one of a class of separate articles, covering what the name of itself includes, without extension on account of the use to which the article may be put. In this view, the goods seem, rather, to be manufactures of silk, under paragraph 391.

Decision reversed as to these narrow widths.