VEIT SON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 9, 1903.)

No. 3,179.

1. CUSTOMS DUTIES—SPANGLED HORSEHAIR BRAIDS.
　　Spangled horsehair braids, being very loose braids of the very long hair from the manes and tails of horses, carrying the spangles, which are the chief feature of the manufacture, are not assessable as "manufactures of wool ornaments with beads or spangles of whatever material composed," under paragraph 371 of the act of July 24, 1897 (30 Stat. 185

[U. S. Comp. St. 1901, p. 1667]), but as articles "composed wholly or in part of beads or spangles, * * * but not composed in part of wool," under paragraph 408 (30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]).

W. Wickham Smith, for appellants.
Charles D. Baker, Asst. U. S. Atty.

WHEELER, District Judge. The goods in question are spangled horsehair braids, and have been assessed at 50 cents per pound and 60 per cent. ad valorem, under a clause of paragraph 371 of the act of July 24, 1897 (30 Stat. 185 [U. S. Comp. St. 1901, p. 1667]), laying that duty on "manufactures of wool ornaments with beads or spangles of whatever material composed." The general appraisers appear to have found that they "are made in chief value of horsehair, or of which horsehair is an essential, component, material, and conspicuous feature, elaborately ornamented with spangles and beads and spangles composed of gelatin, glass, and other substances." There is no testimony in the record, which covers several importations of these appellants and others, but samples of the goods here immediately in question show that they are very loose braids of the long hair from the manes and tails of horses, carrying the spangles, which are the chief feature of the manufacture, and without which the horsehair would be useless as a braid. The protest referred to paragraph 408 (30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]), which lays a duty of 60 per cent. ad valorem on "trimmings and other articles not specially provided for in this act composed wholly or in part of beads or spangles made of glass or paste, gelatin, metal or other materials, but not composed in part of wool." The assessment appears to have been made under 371 (30 Stat. 185 [U. S. Comp. St. 1901, p. 1667]), because of this paragraph:

"383. Whenever, in any schedule of this act, the word 'wool' is used in connection with a manufactured article of which it is a component material, it shall be held to include wool or hair of the sheep, camel, goat, alpaca or other animal, whether manufactured by the woolen, worsted, felt or any other process."

But "manufactures of wool ornamented," in paragraph 371, are obviously fabrics so complete in themselves as to be capable of ornamentation in addition to their structure. These articles are not manufactures of hair ornamented with spangles, but are rather structures of hair and spangles, the use of the hair being to carry the spangles. The hair is not used as wool would be to make an article for ornamentation, and wool could not be used as this hair is for carrying the spangles. They do not appear to be "manufactures of wool ornamented," under 371, but seem rather to be articles "composed wholly or in part of beads or spangles," "but not composed in part of wool," under 408. The exclusion there is not of wool or hair, but of wool only, which implies that there the exclusion is not left to 383, but that wool is expressly by itself excluded.

Decision reversed.