### NADAY & FLEISCHER v. UNITED STATES.

#### (Circuit Court, S. D. New York. June 28, 1907.)

#### No. 3,918.

CUSTOMS DUTIES—CLASSIFICATION—TRIMMINGS.

While ribbons that must be made up into bows, rosettes, and the like before being used for purposes of trimming or ornamentation are not dutiable as "trimmings," under Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], goods are so dutiable which are manufactured with ornamentation and characteristic design to be used as a trimming, and intended to be so used without anything further being done to them.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,923 (T. D. 26,049), affirming the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

MARTIN, District Judge. This is an appeal from the decision of the Board of General Appraisers at New York, affirming the action of the collector in the assessment of duty on certain articles at the rate of 60 per cent. ad valorem, under the provisions of paragraph 390 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]), or, if wool is a component material, under paragraph 371 of said act.

In argument before me it was contended on the part of the importer that the articles in question are ribbons, made of silk as the component material of chief value, containing two or three colors in the filling, and not especially provided for in any paragraph of the tariff act, except in paragraph 391, and therefore dutiable at 50 per cent. ad valorem under the provisions of said paragraph 391. The government claims that the articles in question are trimmings, and therefore especially provided for in paragraph 390. It has become well established that ribbons that must be made up into bows, rosettes, and the like before being used for the purposes of trimming or ornamentation are not to be included

under the provisions of paragraph 391 as trimmings; but if the article in question is manufactured with ornamentation and with characteristic design, to be used as a trimming and intended to be sewed directly upon a garment, without being made into something else before being appended thereto, it is specifically provided for in paragraph 391 as a trimming.

The case presents more a question of fact than of law. I have carefully studied the record and reviewed the evidence, and especially that taken since the decision of the Board of Appraisers, and find, from the whole evidence and the exhibits, that the facts remain as was found by the Board of Appraisers; and therefore I affirm its decision.