### NADAY & FLEISCHER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. September 1, 1908.)

#### Nos. 246, 252.

CUSTOMS DUTIES—CLASSIFICATION—"TRIMMINGS"—COMMERCIAL DESIGNATION.
In Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), which contains a long enumeration including "galloons," "braids," and "trimmings," the term "trimmings" is used in a commercial, rather than a descriptive sense.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 7109.

Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal by the importers from a decision of the Circuit Court (155 Fed. 303), which affirmed a decision of the Board of General Appraisers (G. A. 5,923; T. D. 26,049) as to classification of certain articles for tariff duty. Appeals in several other causes are incorporated in the record, but the only one in which there is before us any return by the board is No. 3,918. This decision, therefore, is an express adjudication only as to the goods considered in that cause.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The collector classified the articles under Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), which imposes a duty of 60 per cent. upon a great many articles made of silk or of which silk is the component of chief value. The long enumeration includes "galloons," "braids," and "trimmings." The importers contend that the articles come under paragraph 391 as manufactures of silk or of which silk is component of chief value, dutiable at 50 per cent.

In our opinion the word "trimmings" in the paragraph cited is not used in a descriptive sense. The cases relied upon (such as Hartranft v. Meyer, 149 U. S. 544, 13 Sup. Ct. 982, 37 L. Ed. 840), construing the act of 1883, are not controlling, because the paragraph therein construed contained the phrase "used for making or ornamenting hats, bonnets and hoods." The eo nomine designation should be given the meaning it has in trade and commerce.

There is much conflict in the testimony, but we are inclined to concur with the board that the articles (in case 3,918) now before us are within the trade meaning of "galloons" or "trimmings," except some which may more appropriately be classified as "braids." As such they fall within paragraph 390.

There are some samples which the evidence shows to be what are known in trade and commerce as "beltings," which are covered by a different paragraph (389) and dutiable at 50 per cent. Apparently none of these are included among the items in case 3,918. If any such have been overlooked, counsel may agree as to which they are, and they may be specified in the decree.

The decision of the Circuit Court in case 3,918 is affirmed; in the other cases, appeals are dismissed.