## J. LOEWENTHAL & CO. v. UNITED STATES.

### SUNDHEIMER BROS. v. SAME.

(Circuit Court, S. D. New York. August 4, 1910.)

Nos. 5,502, 5,503.

CUSTOMS DUTIES (§ 35*)—CLASSIFICATION—"GALLOONS OR TRIMMINGS."

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), for galloons or trimmings, includes narrow strips of silk having interwoven thereon ornamental designs, which are chiefly used to decorate and embellish women's apparel.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 110; Dec. Dig. § 35.*

For other definitions, see Words and Phrases, vol. 8, p. 7109.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York. Affirmed.

The opinion filed by the Board of General Appraisers, G. A. 6,909 (T. D. 29,761), reads as follows:

FISCHER, General Appraiser. The merchandise consists of lengths of narrow woven fabrics of silk, classified as silk trimmings or galloons under Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390. These narrow woven strips have superimposed ornamentations of a different color from the ground fabric worked thereon. and some of the articles have scalloped edges. Duty was assessed at the rate of 60 per cent. ad valorem, and the merchandise is claimed by the importers to be dutiable (1) under paragraph 389, as bandings or beltings; or (2) under paragraph 391, as manufactures of silk on the ground that the goods are ribbons.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This identical question has been passed upon by the courts in the Second Circuit and in regard to merchandise differing in no particular from the exhibits that we have before us in the cases at bar. In Naday v. U. S. (C. C.) 155 Fed. 303, T. D. 28,329, the court said: "It has become well established that ribbons that must be made up into bows, rosettes, and the like before being used for the purpose of trimming or ornamentation are not to be included under the provisions of paragraph 391 as trimmings; but if the article in question is manufactured with ornamentation and with characteristic design, to be used as a trimming and intended to be sewed directly upon a garment, without being made into something else before being appended thereto, it is specifically provided for in paragraph 391 as a trimming." This ruling applies directly on the so-called ribbons that we have before us. It affirmed a ruling of the Board, G. A. 5,923 (T. D. 26,049), wherein such merchandise was held to be dutiable under paragraph 390 as "trimmings" or "galloons." The decision of the Circuit Court was affirmed in Naday v. U. S., 164 Fed. 44, 90 C. C. A. 462, T. D. 29,252. Note also rulings of the Circuit Court following the Naday Case (suits 3,916–7, 3,919–21, and 4,039; T. D. 28,330).

The rule of stare decisis puts upon the importers in these cases the burden of proving clearly by new evidence that the previous rulings were wrong. In an apparent effort to meet this, it is sought to distinguish between articles of the kind here in question shipped from Germany and similar articles shipped from France. The former may be termed the "Barmen" variety and the latter the "St. Etienne." The exhibits in the case represent both kinds. We are of the opinion that no distinction can be drawn. We find from the testimony and the samples in evidence that the goods are narrow woven fabrics composed of silk, with ornamental designs worked thereon, used in the trimming and adornment of women's garments; and we find further from the testimony here offered that these silk articles were at and prior to the passage of the present tariff act known, generally dealt in, and commercially recognized as "galloons" or "trimmings." The collector's assessments are affirmed; the protests being hereby overruled.

Comstock & Washburn, for petitioners.
D. Frank Lloyd, for the United States.

HAZEL, District Judge. The merchandise in question was properly assessed for duty as silk trimmings or galloons under paragraph 390 of the tariff act of 1897, and I am content to affirm the board on its opinion. The additional testimony by the importers in this court tending to show that the articles were not galloons or trimmings, and were in fact commercially known as bands, fancy bands, Persian bands or ribbons, is in conflict; the witnesses for the government testifying that they were trimmings and were similar to the goods involved in the case of Naday v. United States, 164 Fed. 44, 90 C. C. A. 462, T. D. 29,252, No. 3,918. In that case the Circuit Court of Appeals decided that similar articles were galloons or trimmings within the trade meaning.

The articles before the court are narrow strips of silk having interwoven thereon ornamental designs, and are chiefly used to decorate and embellish women's apparel. The silk strips in the Naday and Fleischer Cases, exhibited to this court, were probably not as wide as the silk strips in suit nor as bizarre in design. But there is no substantial difference in quality, texture, or appearance; and, moreover, I agree with the witnesses for the government that the goods are known in trade as "trimmings."

The decision of the Board of General Appraisers is affirmed.