UNITED STATES v. HEMPSTEAD & SON (No. 942).[1]

MACHINE FOR MANUFACTURING JUTE AND OTHER SUBSTANCES

Paragraph 197, tariff act of 1909, applies according to the usual and common or chief use of the articles there designated, and it is not necessary to show that the imported machinery is used solely in the manufacture of jute to make the importation assessable as jute machinery.

United States Court of Customs Appeals, November 27, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28254 (T. D. 32529).
[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.
*Brooks & Brooks* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The importation involved in this case consists of a machine which is described as Boyd's patent stop-motion spring rail ring flyer twister with upright rollers for smooth yarn. The importation was made under the tariff act of 1909.

The appraiser returned the article as a manufacture of metal, dutiable at 45 per cent ad valorem under paragraph 199 of the act, and duty was assessed accordingly.

The importers duly filed their protest against that assessment claiming that the machine was jute-manufacturing machinery, and was dutiable as such at 30 per cent ad valorem under paragraph 197 of the act.

[1] Reported in T. D. 33004 (23 Treas. Dec., 518).

A report upon this protest was filed by the appraiser, in which appears the following amplification of the original return:

The merchandise consists of one Boyd's patent stop-motion spring rail ring flyer twister with upright rollers for smooth yarn, and was returned for duty as a manufacture of metal at 45 per cent ad valorem under paragraph 199 of the act of 1909. The machine above described may be used for either jute, hemp, flax, Chinese grass, and for this reason the machine was returned as stated, but could have been returned as suitable as jute-manufacturing machinery as provided for in paragraph 197.

The collector maintained his original classification, notwithstanding the explanation thus made by the appraiser of his first return. The protest thereupon came on to be heard by the Board of General Appraisers. No testimony was taken at this hearing, nor was any exhibit filed; no sample had been retained. The case therefore stood solely upon the first return of the appraiser, the assessment made by the collector pursuant thereto, the protest of the importers, and the report made by the appraiser upon the protest.

The board upon this presentation held the collector's assessment to be erroneous, and sustained the claim of the importers that the imported article was entitled to classification as jute-manufacturing machinery. The collector's action was therefore reversed, and the Government now appeals from that decision.

It is hardly necessary here to copy either of the two competing paragraphs above cited. So far as this case is concerned it is sufficient to state that one paragraph imposes a duty of 45 per cent ad valorem upon manufactures of metal not specially provided for, and the other imposes a duty of 30 per cent ad valorem upon jute-manufacturing machinery. The latter provision is obviously the more specific of the two, and therefore controls any article which otherwise comes equally within both paragraphs.

The sole question in the case therefore is whether or not the article in question is jute-manufacturing machinery. The collector held that it is not, and this holding should prevail unless overcome by a sufficient showing to the contrary. Upon their part the importers cite the report of the appraiser upon the protest, and contend that it establishes the fact that the importation is jute-manufacturing machinery, notwithstanding the first return of the appraiser and the decision of the collector founded thereon. The decision of the case therefore finally depends upon the effect which should be given to the report made by the appraiser upon the protest.

In that report the appraiser states that the machine "may be used for either jute, hemp, flax, Chinese grass, and for this reason the machine was returned as stated, but could have been returned as suitable as jute-manufacturing machinery, as provided for in paragraph 197." This language is not as precise as might now be wished, and may find divergent interpretations. However, it may fairly be concluded

therefrom that all the facts found by the appraiser justified and required the classification of the article as jute-manufacturing machinery, except only for the single fact that the machine in question *might* also be used for the manufacture of hemp, flax, and Chinese grass. This latter fact is specifically assigned by the appraiser as the sole reason why the machine was first returned as a manufacture of metal instead of jute-manufacturing machinery, the plain implication being that in all other particulars the machine fell within the terms of paragraph 197 as jute-manufacturing machinery, and could and would have been returned as such. No other fact or reason is assigned for the appraiser's refusal to return the article under paragraph 197, and the existence of any other fact or reason is fairly negatived by the language of the report.

In order the better to understand the meaning intended by the appraiser's report, a copy is here given of a public document which plainly belongs to the same subject matter, and was apparently issued as the result of the litigation now before the court:

(T. D. 31287.)

*Jute-manufacturing machinery.*

Jute-manufacturing machinery to be dutiable under paragraph 197 of the tariff act must be of a character which is used solely in the manufacture of jute.

TREASURY DEPARTMENT, *February 10, 1911.*

SIR: The department is in receipt of your letter of the 23d ultimo, transmitting a communication * * * in regard to the classification of jute-manufacturing machinery and machines used only for the weaving of linen cloth from flax and flax fiber.

You state that from the said communication it would appear that there are machines that might be used in manufacturing both jute and flax, and that for this reason, on importations of machinery and machines of the kind under consideration imported on and after January 1, 1911, you will require clear and satisfactory evidence that the same is to be used solely in the manufacture of jute, and that in the absence of such evidence the machinery will be assessed with duty under paragraph 199 of the tariff act as manufactures of metal.

In reply, I have to advise you that the department approves the position taken by you that machinery to be admitted at the rate of 30 per cent ad valorem under paragraph 197 of the tariff act as jute-manufacturing machinery must be of a character which is used solely in the manufacture of jute.

Respectfully,                                        JAMES F. CURTIS,
    (69977.)                                              *Assistant Secretary.*
COLLECTOR OF CUSTOMS, *New York.*

The foregoing paper makes plain the fact that the collector had construed the provision for jute-manufacturing machinery in paragraph 197 to apply only to such machinery as was to be used exclusively in the manufacture of jute. The only conceivable alternative to this ruling would be such a construction as would make the usual and common use of the article the criterion of classification rather than its exclusive use. Therefore it may well be understood from

the foregoing that upon a presentation of these rival constructions, namely, classification according to the exclusive use of the article upon the one hand, and classification according to its usual and common use only upon the other hand, the collector had adopted the former principle as controlling and had established that rule as authoritative in the assessment of jute-manufacturing machinery; and that in the present case the appraiser accordingly refused to classify the importation as jute-manufacturing machinery because such was not its exclusive use, whereas had the rule of chief use controlled the classification the machinery "could have been returned as suitable as jute-manufacturing machinery as provided for in paragraph 197." As appears from the above copy the collector made due report of this construction and was sustained in his ruling by the department, which approved the position taken by him, "that machinery to be admitted at the rate of 30 per cent ad valorem under paragraph 197 of the tariff act as jute-manufacturing machinery must be of a character which is used solely in the manufacture of jute."

It may be repeated that this correspondence strongly tends to confirm the interpretation which is first above placed upon the language of the appraiser's report. The board understood the appraiser's report in the same sense, as appears by the following extract from the board's decision at the trial below:

> The query in the case is whether the machinery is dutiable at 30 per cent ad valorem under paragraph 197, tariff act of 1909, as jute-manufacturing machinery. It should be clear that the character of this machinery is determined if it satisfactorily appears that it is such as is *commonly and usually* used for jute manufacturing. The provision in question does not contemplate that exclusive use must be shown to permit of classification thereunder, and as the report in this case states that the merchandise "could have been returned as suitable as jute-manufacturing machinery," we feel no hesitancy in holding the machinery here in question to belong to that class of machines designed for and adapted to the manufacture of jute, including all processes requisite for the manipulation of the fiber. The conclusion follows out the clear intent of Congress.

The court is of the opinion that the dutiable character of such imported machinery as claims entry under paragraph 197 is properly to be determined by the usual and common or chief use of the article, and that it is not necessary that the imported machinery "should be of a character which is used solely in the manufacture of jute," in order to claim assessment as jute manufacturing machinery under the paragraph.

Therefore, upon the present record, imperfect and unsatisfactory though it be, it appears that an incorrect rule was applied in the assessment of the importation to the prejudice of the appellees, and that the classification presented by the protest was the correct one; and in accordance with this view the decision of the board, overruling the action of the collector, is *affirmed.*