COMEY & JOHNSON CO. *v.* UNITED STATES (No. 1059).[1]

PARAGRAPH 477, TARIFF ACT OF 1909.

The importations are generally and uniformly known as "hatters' plush" and are of the kind or class or "such as" are used exclusively for making men's hats. The legislative history and the natural import of the words "such as" extend the provisions of the paragraph not alone to such hatters' plush as is used exclusively for making men's hats, but also to hatters' plush so known commercially.—Comey & Johnson Co. *v.* United States (2 Ct. Cust. Appls., 532; T. D. 32253) distinguished.

United States Court of Customs Appeals, May 26, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30415 (T. D. 32926).

[Reversed.]

*Stearns, Chamberlain & Royon* for appellant.

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

These importations are of black hatters' plush assessed for duty under the provisions of paragraph 399 of the tariff act of 1909 as

---

[1] Reported in T. D. 33493 (24 Treas. Dec., 903).

silk plush. Protestants claimed the merchandise dutiable under the provisions of paragraph 477 of said act, which reads:

477. Plush, black, known commercially as hatters' plush, composed of silk, or of silk and cotton, such as is used exclusively for making men's hats, ten per centum ad valorem.

The identical merchandise and the appropriate paragraph under which the same was classifiable for duty were the subject of decision by this court in Comey & Johnson Co. v. United States (2 Ct. Cust. Appls., 532; T. D. 32253). In that case the court was unanimously of the opinion that the importers, there as here appellants, had not established by the record that the merchandise was either the identical plush used exclusively in the manufacture of men's silk hats or that it was of a similar kind or class of plush, and upon the facts the decision was against the importers.

In this case a different record is presented in which it is by a fair and convincing preponderance of the evidence established: (1) That the importations are generally and uniformly known throughout the United States as "hatters' plush;" (2) that the importations are of the kind or class or "such as" are used exclusively for making men's hats.

It will be noted that as to finding 1 the statute is satisfied with the finding that the merchandise is known as "hatters' plush" and does not require that it be known as "men's hatters' plush." The scope of that part of the statutory requirements indicates a congressional intent to comprehend within the paragraph silk plush which might be used for other purposes than men's hats so long as it is "known commercially as hatters' plush." The first requirement in that sense throws some light upon the intended scope of the second. The legislative history and the natural import of the words "such as" in the second requirement bearing the natural meaning of "like" or "kind of" would seem to extend the provisions of the paragraph not alone to such hatters' plush as is used exclusively for making men's hats but also to "hatters' plush" so known commercially and which is the kind of "hatters' plush" used exclusively for making men's hats.

The facts in this record differing in a material and statutory particular from those in Comey & Johnson Co. v. United States, supra, prompt a different decision and a reversal of the decision of the Board of General Appraisers in this case.

While the decision of the board is here reversed, it is due to that tribunal to note that it followed the obiter expression in the majority opinion in Comey & Johnson Co. v. United States, supra, which is herein accordingly modified. This modification, however, even though had the matters obiter been necessary to and controlled the decision in the former case, would not, for the reasons stated, have changed the order of reversal therein by this court.

Reversed.