### BROWN & Co. *v.* UNITED STATES (No. 1721).[1]

1. CONSTRUCTION, PARAGRAPH 391, TARIFF ACT OF 1913—CHIEF USE—SUGAR-MANUFACTURING MACHINERY.

The language, " machinery for use in the manufacture of sugar," paragraph 391, tariff act of 1913, refers to the chief use made of such machinery when imported, and not to the use made of a particular importation.

[1] Reported in T. D. 36871 (31 Treas. Dec., 555).

2. MACHINERY IMPORTED FOR SUGAR-MAKING USE, BUT CHIEFLY USED OTHER-
   WISE.

   Two centrifugal machines and a pump and tank for use in connection with
them were imported for use in the manufacture of sugar, and are being actu-
ally so used. It was shown, however, that about 90 per cent of such machines
are used otherwise. They are dutiable under the residuary provision for
manufactures of metal, paragraph 167, tariff act of 1913, and not admissible
free of duty as machinery for use in the manufacture of sugar, para-
graph 391.

United States Court of Customs Appeals, December 2, 1916.

APPEAL from Board of United States General Appraisers, Abstract 39549.

[Affirmed.]

*Allan R. Brown* for appellants.

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attor-
ney, of counsel), for the United States.

[Oral argument October 25, 1916, by Mr. Brown and Mr. Baldwin.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in question on this appeal consists of two centrif-
ugal machines, one pump for driving one of the machines and one
tank for the same. This merchandise was assessed for duty at 20 per
cent ad valorem under the residuary provision for manufactures
of metal in paragraph 167 of the tariff act of 1913. It is claimed to
be classifiable as machinery for use in the manufacture of sugar
under paragraph 391 of the same act. Paragraph 391 reads as
follows:

391. Agricultural implements: Plows, tooth and disk harrows, headers, har-
vesters, reapers, agricultural drills and planters, mowers, horserakes, culti-
vators, thrashing machines, cotton gins, machinery for use in the manufacture
of sugar, wagons and carts, and all other agricultural implements of any kind
and description, whether specifically mentioned herein or not, whether in whole
or in parts, including repair parts.

No testimony was taken before the board. The case was by consent
submitted on the report of the local appraiser, which is as follows:

The merchandise consists of two centrifugal machines, one pump for driving
one of the machines, and one tank for the same. Said machines were installed
in Arbuckle's sugar refinery and are used in the making of sugar. As about 90
per cent of such machines are used for purposes other than sugar making, such
as in dye works, certain chemical processes, laundry extractors, cream sepa-
rators, etc., it was returned for duty as a manufacture of metal n. s. p. f. at 20
per cent ad valorem under paragraph 167 of the act of 1913, in accordance
with department instructions in T. D. 35516.

The board overruled the protest of the importers and held that the
goods were dutiable as assessed.

It will be seen that the sole question standing for decision is
whether a machine the chief use of which is other than in the manu-

facture of sugar but which is imported for such lesser use falls within the terms " machinery for use in the manufacture of sugar " used in paragraph 391. An argument of much force is presented in support of the construction of the clause in question as intended to attach the phrase " machinery for use in the manufacture of sugar " to the particular importation. We think, however, that in view of the earlier decisions of the Supreme Court, of this court, and others, this view is not tenable. We have held that in determining whether an article falls within the terms in the paragraph here in question " all other agricultural implements of any kind and description," chief use is the determining factor. United States *v.* Boker & Co. (6 Ct. Cust. Appls., 243, 245; T. D. 35472); Quirk *et al. v.* United States (6 Ct. Cust. Appls., 444; T. D. 35983); United States *v.* Tower (6 Ct. Cust. Appls., 562; T. D. 36199). But it is urged that the instant case is distinguishable as the merchandise here involved is specifically enumerated as " machinery for use in the manufacture of sugar," which was not true of the merchandise involved in any of these cases cited. It is possible to note such a distinction. The case of United States *v.* American Express Co. (6 Ct. Cust. Appls., 494; T. D. 36124), however, dealt with parts of machines used in the manufacture of sugar. The test of chief use was implied rather than distinctly enunciated. It was said, at page 497:

If machinery which intervenes directly in the development of the finished product is machinery for use in the manufacture of sugar, then, in our opinion, machines which are necessarily and exclusively or chiefly used to make the operation of such machines commercially practical, efficient, and economical, must likewise be so regarded. To hold otherwise would result in an anomaly which we do not believe it was the intention of Congress to perpetrate. In our opinion the obvious intent of the provision was to favor the sugar-making industry and give the benefit of free entry at least to all machinery peculiar to and chiefly or exclusively used by sugar factories. That is to say, any machine constituting a necessary and essential part of the equipment of sugar factories and which is exclusively or chiefly used by them comes within the designation of " machinery for use in the manufacture of sugar."

The Supreme Court has construed terms very like those here involved in a number of cases. As the case of " trimmings, * * * used for making or ornamenting hats, bonnets, and hoods," terms construed in Hartranft *v.* Langfeld (125 U. S., 128). In that case the charge of the trial judge making the dutiability of the goods under that paragraph to turn upon the question of chief use was approved. To the same effect is Cadwalader *v.* Wanamaker (149 U. S., 532); Walker *v.* Seeberger (149 U. S., 541); Hartranft *v.* Meyer (149 U. S., 544). These cases were cited and the principle applied in Magone *v.* Wiederer (159 U. S., 555). See also Magone *v.* Heller (150 U. S., 70). The cases in this court referred to in the brief of counsel for the Government are quite in harmony with these deci-

sions. Such cases are Comey & Johnson Co. *v*. United States (4 Ct. Cust. Appls., 285; T. D. 33493); United States *v*. Hempstead & Son (3 Ct. Cust. Appls., 436; T. D. 33004); Auffmordt & Co. *et al. v.* United States (7 Ct. Cust. Appls., 56; T. D. 36320).

We think the case is one for the application of the rule of chief use, and therefore affirm the decision of the board.

*Affirmed.*