NOZAWA BROS. CO. *v.* UNITED STATES (No. 2112).[1]

RELATIVE SPECIFICITY—JAPANESE TOWELING.

   With reference to Japanese toweling, the provision of paragraph 262, tariff act of 1913, for "fabrics with fast edges not exceeding twelve inches in width * * * made of cotton" is more specific than that of paragraph 252, for "cotton cloth * * * colored * * * containing yarns * * * exceeding number nine and not exceeding number nineteen," and classifies it for duty.

---

[1] T. D. 38965.

United States Court of Customs Appeals, December 14, 1921.

APPEAL from Board of United States General Appraisers, Abstract 44206.

[Affirmed.]

*Frank L. Lawrence* for appellants.
*Wm. W. Hoppin*, Assistant Attorney General (*Marcus Higginbotham, jr.*, special attorney, of counsel), for the United States.

[Oral argument Oct. 27, 1921, by Mr. Hoppin.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 330 of the tariff act of 1909, among other things, provided for—

Bone casings, garters, tire fabric or fabric suitable for use in pneumatic tires, suspenders and braces, and tubing, any of the foregoing made of cotton or other vegetable fiber.

In the act of 1913, paragraph 262, this provision was reenacted and enlarged in the following language:

Bandings, belts, beltings, bindings, bone casings, cords, tassels, cords and tassels, garters, tire fabric or fabric suitable for use in pneumatic tires, suspenders and braces, and fabrics with fast edges not exceeding twelve inches in width, all of the foregoing made of cotton or other vegetable fiber.

In this case it is claimed by the importers that a Japanese cotton cloth with fast edges, woven in lengths of some 12 yards, under 12 inches in width, in which condition it is imported, should not be classified under paragraph 262. The yarn number exceeds nine, but does not exceed nineteen; the cloth is colored, and importers claim the merchandise should be classified under paragraph 252 of the act providing for—

Cotton cloth, * * * colored * * * containing yarns * * * exceeding number nine and not exceeding number nineteen.

It appears that the importation is known as Japanese toweling, but aside from what that designation implies the use to which the same is put is not shown.

The Board of General Appraisers sustained the classification under paragraph 262, citing, among other cases, In re Morimura, G. A. 8327 (38 Treas. Dec., p. 198). An examination of that case shows that the merchandise was very like that here involved. The opinion therein by the Board of General Appraisers is well reasoned, and the judgment is placed upon the ground that the provision in paragraph 262 for—

fabrics with fast edges not exceeding twelve inches in width—

is more specific than the one here relied on in paragraph 252.

Importers here urge that the question of relative specificity has no application because it is said:

A study of the terms and history of paragraph 262 indicates an intent not to cover the ordinary varieties of cottons that have for so many years been taxed under the so-called countable provisions of Schedule I.

We have examined the proceedings referred to and the authorities cited by the importer's counsel upon this phase of the case, and are unable to agree with his conclusions therefrom. To us there appears no reason why the question of under which of the paragraphs this merchandise shall be classified does not depend upon the determination as to in which of the two it is more accurately described.

We are of opinion that the provision for a fabric not more than 12 inches wide, made of cotton or other given material, and having fast edges, is a narrower description of the merchandise here than the provision for the size of threads of the same given material of which the fabric is woven, especially in view of the fact that there is nothing in this case to indicate that fabrics more than 12 inches wide and having fast edges are not made of the same sized thread as the merchandise here.

In this connection it may be noted that paragraph 253, which describes what shall be construed as cotton cloth under paragraph 252, contains an n. s. p. f. provision while paragraph 262 does not.

The judgment of the Board of General Appraisers is *affirmed.*