## CAPLAN & Co. *v.* UNITED STATES (No. 2775)[1]

CONSTRUCTION, PARAGRAPHS 1008 AND 1015, TARIFF ACT OF 1922—"FABRICS"—
   RELATIVE SPECIFICITY—LEGISLATIVE SANCTION—JUTE WEBBING.
   Paragraph 1008, Tariff Act of 1922, provides for "Fabrics, composed wholly
   of jute * * *" and paragraph 1015 for "Fabrics with fast edges not
   exceeding 12 inches in width * * *." Paragraph 1008 covers only
   material in the piece, and is less specific than paragraph 1015. Jute webbing
   less than 12 inches wide is dutiable under paragraph 1015. Congress reenacted
   paragraphs 262 and 279 of the 1913 act into 1015 and 1008 of the 1922 act with
   full knowledge and approval of the judicial construction placed upon them.

United States Court of Customs Appeals, November 19, 1926

APPEAL from the Board of United States General Appraisers, Abstract 51483

[Affirmed.]

*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter* and *John A. Kemp*, special attorneys, of counsel), for the United States.

[Oral argument October 21, 1926, by Mr. Puckhafer and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, and HATFIELD, Associate
   Judges, BLAND, Associate Judge, participating in the decision by agreement
   of counsel

GRAHAM, Presiding Judge, delivered the opinion of the court:
The appellant imported, at the port of New York, six shipments of jute webbing, which were entered in each instance as "Jute webbing, under 12 inches wide," under paragraph 1015 of the Tariff Act of 1922. The collector classified the goods as entered. The importer protested in each instance, claiming the goods to be dutiable either at 1 cent per pound, or at 1 cent per pound and 10 per centum ad valorem, under paragraph 1008 of said act. The collector, having affirmed his original decision in each instance, the various entries and accompanying papers and exhibits were transmitted to the Board of General Appraisers, where, on consolidation and hearing, the collector's classification was affirmed. From that judgment the importer appeals.

T. D. 41875.

The paragraphs of the tariff act of 1922 involved here are as follows:

PAR. 1008. Fabrics, composed wholly of jute, plain-woven, twilled, and all other, not specially provided for, not bleached, printed, stenciled, painted, dyed, colored, nor rendered noninflammable, 1 cent per pound; bleached, printed, stenciled, painted, dyed, colored, or rendered noninflammable, 1 cent per pound and 10 per centum ad valorem.

PAR. 1015. Fabrics with fast edges not exceeding twelve inches in width, and articles made therefrom; tubings, garters, suspenders, braces, cords, tassels, and cords and tassels; all the foregoing composed wholly or in chief value of vegetable fiber other than cotton, or of vegetable fiber other than cotton and india rubber, 35 per centum ad valorem; tapes composed wholly or in part of flax, woven with or without metal threads, on reels, spools, or otherwise, and designed expressly for use in the manufacture of measuring tapes, 30 per centum ad valorem.

The material imported is shown by the record to be a striped fabric, made wholly of jute, about 3¾ inches in width and with fast edges. It is imported in bales, each bale containing 24 pieces and each piece being 72 yards in length.

It is conceded by counsel on both sides that the imported material is covered by the language of both paragraphs 1008 and 1015, and that the only issue of law here is as to the relative specificity of said paragraphs. The language particularly to be considered is that of paragraph 1008: "Fabrics, composed wholly of jute," and that of paragraph 1015: "Fabrics with fast edges not exceeding twelve inches in width, * * * wholly or in chief value of vegetable fiber other than cotton."

In determining this question, it is essential to consider what meaning, if any, has been given by the courts, in the past, to the word "fabrics," as it has appeared in this statute or similar antecedent statutes. In *Arnold* v. *United States*, 147 U. S. 494, the court held, in passing upon the relative applicability of paragraphs 392 and 396 of the tariff act of October 1, 1890: "Clothing and articles of wearing apparel are more specific than cloths and knit fabrics. Out of cloths and knit fabrics clothing and wearing apparel are made." In *Bister* v. *United States*, 59 Fed. 452, the contest was between paragraphs 395 and 414 of the tariff act of October 1, 1890, the first of which provided for "women's and children's dress goods * * * and goods of similar description and character, composed wholly or in part of wool, worsted * * *" and the latter for "all manufactures of silk, or of which silk is the component material of chief value." The court held the former to be more specific and said:

The case falls within the general rule that, where a tariff act imposes a duty on an article by a specific name or description, general terms in the act, though embracing it broadly, are not applicable to it. The general must give way to the particular.

In T. D. 21115, 1 Treas. Dec. 954, strips of silk fabric with selvages, from 4 to 12 inches in width, were classified as trimmings under

paragraph 390 of the tariff act of July 24, 1897, and were claimed to be "woven fabrics in the piece" under paragraph 387 thereof. The Board of General Appraisers sustained the classification, stating:

The term "fabrics" has been held to be applicable particularly to wide or "piece" goods, which are generally intended for use in making wearing apparel and other articles (and have, therefore, to be cut into various smaller forms requisite for that purpose), as contradistinguished from ribbons, bands, and narrow articles, which are put to their final uses in the widths in which they are made.

In *Robinson* v. *United States*, 122 Fed. 970, all silk mourning crêpes of 4/4 widths were classified as "woven fabrics in the piece not specially provided for," under paragraph 387 of the tariff act of July 24, 1897, and were claimed to be trimmings under paragraph 390 thereof; this claim was sustained.

This court had under consideration in *United States* v. *Milbank, Leaman & Co.*, 14 Ct. Cust. Appls. 166, T. D. 41693, paragraphs 1108 and 1109 of the Tariff Act of 1922, providing, respectively, for "woven fabrics, weighing more than four ounces per square yard, wholly or in chief value of wool," etc., and "all manufactures * * * wholly or in chief value of wool." We there held: "In the opinion of the court, said paragraph 1109 was intended to and does include cloth or material in the piece and not further manufactured." The court also, in the case last cited, called attention to the orderly and well arranged construction of the textile materials and manufactures schedules of the Tariff Act of 1922, in this language:

Various authorities are cited here as to the construction of similar language under preceding statutes. We believe, however, that we need not look beyond the text of other provisions of the Tariff Act of 1922 to arrive at the conclusion that the term "woven fabrics" as it appears in paragraph 1109 was intended to apply to material only and not to articles manufactured therefrom.

In Schedule 11 of said act, Wool and manufactures of, raw wool is fully covered by paragraphs 1101 and 1102, waste of all kinds by paragraph 1105, advanced wool by paragraph 1106, yarn by paragraph 1107, woven fabrics by paragraphs 1108 and 1109, pile fabrics and manufactures thereof by paragraph 1110, blankets and similar articles by paragraph 1111, felts by paragraph 1112, fabrics with fast edges and *articles made therefrom* by paragraph 1113, knit fabrics and certain knitted articles by paragraph 1114, clothing by paragraph 1115, carpets and rugs by paragraphs 1116, 1117, and 1118, and, finally, all manufactures not specially provided for, by paragraph 1119.

Here is a complete and well developed scheme for the classification of wool and wool products, by which everything, from the raw material, to the most highly manufactured product, may be reached and covered. In this arrangement, Schedule 11 follows the same general lines pursued in Schedule 9, Cotton manufactures, Schedule 10, Flax, hemp, and jute, and manufactures of, and Schedule 12, Silk and silk goods.

Further reference in this respect, is made to T. D. 31565, 20 Treas. Dec. 921, and *United States* v. *Wertheimer Bros.*, 2 Ct. Cust. Appls. 515.

We find ourselves in harmony with these various decisions. Not only are we constrained to follow them by the logic of their reasoning, but a consideration of the framing and construction of Schedule 10, "Flax, hemp, and jute, and manufactures of," of the Tariff Act of 1922, leads irresistibly to the conclusion that paragraph 1008 thereof was intended to be and is, a provision pertaining to material in the piece, while paragraphs 1009 to 1023, inclusive, are intended to, and do, apply to specific kinds or manufactures of the particular basic materials intended to be covered by said schedule. This being true, it follows that in respect to form, at least, paragraph 1015 must be held to be the more specific.

But it is argued here that inasmuch as said paragraph 1008 refers to fabrics composed wholly of jute, and said paragraph 1015 to fabrics composed wholly or in chief value of vegetable fiber other than cotton, paragraph 1008 should be held to be more specific and more narrow in its scope, as being more definite as to material.

*In re Morimura Bros.*, T. D. 38316, 38 Treas. Dec. 198, involved a contest between paragraphs 262 and 252 of the tariff act of October 3, 1913. Said paragraph 262 provided for "fabrics with fast edges not exceeding 12 inches in width * * * made of cotton or other vegetable fiber," while said paragraph 252 provided for "cotton cloth * * * printed." The material involved was woven cotton fabrics in the piece, not exceeding 12 inches in width, with fast edges. Paragraph 262 was held to be the more specific.

In *Nozawa Bros. Co.* v. *United States*, 11 Ct. Cust. Appls. 197, a similar question was involved and the court held:

We are of opinion that the provision for a fabric not more than 12 inches wide, made of cotton or other given material, and having fast edges, is a narrower description of the merchandise here than the provision for the size of threads of the same given material of which the fabric is woven, especially in view of the fact that there is nothing in this case to indicate that fabrics more than 12 inches wide and having fast edges are not made of the same sized thread as the merchandise here.

Again, in Abstract 44948, *In re S. Karpen & Bros.*, 41 Treas. Dec. 547, practically identical material with that imported here was before the court below. It was classified for duty under said paragraph 262 and was claimed dutiable as jute fabrics under paragraph 279 of said act. The language of said paragraphs 262 and 279, in respect to the material here involved, was substantially the same as that contained in paragraphs 1015 and 1008 of the Tariff Act of 1922. The provisions of paragraph 262 were held to be the more specific.

The fair deduction to be drawn from the three cases last cited is that the greater specificity of form and composition indicated by the language of paragraph 1015 of the Tariff Act of 1922 must be held to prevail over any greater specificity found in paragraph 1008 of

said act, as to material. It can not be stated with definiteness that such must be the invariable ruling in customs cases where provisions of the statutes compete, but it can, and should be held to apply in case of the provisions of law now before us, in view of the pronounced trend of judicial authority and the language and construction of the act we are here called upon to construe.

Furthermore, it must be assumed that the Congress, in reenacting paragraphs 262 and 279 of the tariff act of October 3, 1913, as paragraphs 1015 and 1008 of the Tariff Act of 1922, did so with full knowledge and approval of the judicial construction placed upon the language of said paragraphs 262 and 279, hereinbefore referred to. *United States* v. *Field & Co.*, 11 Ct. Cust. Appls. 183; *United States* v. *Basket Imp. Co.*, 13 Ct. Cust. Appls. 98, T. D. 40941.

The judgment of the court below is *affirmed*.