**No. 47090.**—Protests 42514–K, etc., of Heinsheimer Bros., Inc. (New York).

Opinion by TILSON, J. Counsel for the respective parties agreed that certain of the items consist of hemp knotted straw hats, not blocked or trimmed, and not bleached, dyed, colored, or stained, and that they are the same in all material respects as those the subject of Abstract 46497. In accordance therewith the claim at 25 percent ad valorem under paragraph 1504 (b) (1) was sustained as to these items.

BEFORE THE THIRD DIVISION, APRIL 15, 1942

**No. 47091.**—Protest 50064–K of C. H. Powell Co. (Boston).

Opinion by EKWALL, J. The appraiser's report which was admitted in evidence at the hearing disclosed that 300 bales of the peat moss consist of the horticultural grade. In accordance therewith and following *Peat Import Co.* v. *United States* (4 Cust. Ct. 181, C. D. 319) the claim for free entry under paragraph 1685 was sustained as to the 300 bales in question.

**No. 47092.**—Protests 971722–G, etc., of Great Eastern Packing & Paper Stock Corp. (New York).

Opinion by EKWALL, J. It appeared that certain of the merchandise consisted of white or colored sisal waste. The official samples were received in evidence at the trial. The plaintiff introduced the testimony of one witness but this was found to fall far short of proving that the merchandise of the kind and class here imported is chiefly used for paper making and that it is therefore "paper stock" provided for in paragraph 1750. The court stated "The designation 'paper stock' is a designation by use, and the chief use of the commodity will govern its classification. Classification, according to chief use, depends upon the use which users as a whole make of the particular type of commodity involved and not the individual use of the particular shipment." *United States* v. *Swift & Co.* (14 Ct. Cust. Appls. 222, T. D. 41706), *United States* v. *Redden* (13 Ct. Cust. Appls. 224, T. D. 41177), *Durbrow* v. *United States* (12 Ct. Cust. Appls. 225, T. D. 40230), *Brown* v. *United States* (7 Ct. Cust. Appls. 309, T. D. 36871), and *Magone* v. *Heller* (150 U. S. 70). As the testimony failed to show that the chief use of the class of merchandise here involved throughout the entire United States is for paper making the protests were overruled.